BURKE, Judge,
dissenting.
Although I agree with the majority’s determination that A.R.’s statement was introduced into evidence in violation of C.L.H.’s right of confrontation, I nonetheless believe that this error was harmless in this case. A.R.’s statement was important in that it stated that C.L.H. was involved; however, the 911 recording that was admitted as a present sense impression exception to the hearsay rule,[3] Rule 803(1), Ala.R.Evid., also included a statement by a witness as to C.L.H.’s involvement.[4] In the recording, three witnesses who watched the perpetrators carry away the stolen property described the subjects as three men and a white girl. They stated that the burglars were running with the property, including a television that was covered, and escaped to a grey Honda vehicle. By her own admission, C.L.H. was driving the others in her “blond” Honda just before the burglary. (R. 86.) The girl on the 911 call identified C.L.H. by name and provided her high school. Dawson, the girl’s grandmother repeats the girl’s identification of C.L.H. In A.R.’s statement, he names the participants, including C.L.H., whom he describes as a white girl who was H.S.’s girlfriend. He further states that they stole a television and an Xbox and covered them in blankets.
Confrontation Clause errors are subject to the harmless error analysis of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
“ . The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt. Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. Those factors include the importance of the witness’ testimony in the prosecution’s case, whether the testimony was cumulative, the presence or absence of evidence cor *408 roborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution’s case.” ’
“[Delaware v.] Van Arsdall, 475 U.S. [673] at 684, 106 S.Ct. [1431] at 1438 [(1986) ].”
King v. State, 929 So.2d 1032, 1039 (Ala.Crim.App.2005), quoting Hooper v. State, 585 So.2d 142, 146 (Ala.Crim.App.1991).
Here, A.R.’s statement was cumulative and the statement was corroborated on “material points.” Id. Defense counsel’s cross-examination was not otherwise limited and the recording proved C.L.H.’s guilt, such that it should have been presented to the juvenile court as the trier of facts. Therefore, because I believe that the admission of A.R.’s statement was harmless, the juvenile court’s adjudication was proper and I respectfully dissent from the majority’s opinion.

. C.L.H. did not challenge the recording’s admissibility on appeal.

. Although the text message was redacted so that it did not connect C.L.H. to this offense, it did indicate some guilt on her part two days following the offense.